WILLIAM GILLHAM, plaintiff in error, *v.* THE PRESIDENT, DIRECTORS, AND COMPANY OF THE STATE BANK OF ILLINOIS, defendants in error.

*Error to the Municipal Court of the City of Alton.*

In an action by the endorsee of a promissory note endorsed in blank, it is not necessary either to fill up the blank, or to prove that the plaintiff is the legal holder of the note. The filling up of a blank endorsement, is a mere matter of form, and may be dispensed with altogether.

If an objection which can be obviated by further proof, be not taken, or is not insisted on, at the trial, it will not be received as the ground for a motion for a new trial.

Where a declaration alleged that J. H. & Co., together with B. C. Jr., endorsed the note to the plaintiffs, and the note, when produced in evidence, showed the blank endorsements of J. H. & Co., and B. C. Jr.: *Held,* that there was no variance.

*Quere,* Whether the allegation in the declaration would have been bad on a demurrer to the declaration.

THIS cause was heard in the Court below, at the October term, 1838, before the Hon. William Martin. Judgment was rendered for the plaintiffs for $ 383,31 and costs.

GEORGE T. M. DAVIS and A. W. JONES, for the plaintiff in error, contended:

1st. The Court below erred in giving judgment for the defendants in error upon the demurrer to the evidence, inasmuch as the defendants in error did not show upon the trial of the cause, any legal title to the instrument sued upon, or that they were the holders of the note;— and as it does not appear from the endorse-

ments on the note, nor the evidence introduced, that the defendants in error are the legal holders of the note, the judgment should have been for the plaintiff in error.    Day *et al. v.* Lyon, 6 Harris and Johns. 140 ; Cumberland Bank *v.* McKimley, *Idem* 527 ; Wood *v.* Repold, 3 do. 130 ; Chitty on Bills, Clark *v.* Picot (cited) 256, 588.

2d.  The Court below erred in not giving judgment for the plaintiff in error, upon the demurrer to the evidence, because the said defendants in error alleged in their said declaration, that John Hogan & Co. and B. Clifford, Jr. jointly endorsed the said promissory note, in their said declaration described, to the defendant in error, without alleging in their said declaration, or proving on the trial of the cause, that the said John Hogan & Co., the payee of the said promissory note, endorsed the same to B. Clifford, Jr. Bishop *v.* Hayward, 4 Term R. 471 ; Smith *v.* Savage, 2 Blackstone R. 100 ; Gwinnett *v.* Phillip, 3 Term R. 645 ; Machel *v.* Kinnear, 2 Com. Law R. 485.

3d.  The Court below erred in rendering judgment for the defendants in error, where the same should have been rendered for the plaintiff in error, upon the aforesaid demurrer to evidence upon this ground.    If the defendant in error pretend, and this Court should be of opinion, that the allegation in the said declaration, to wit, " That John Hogan and Henry H. West, described in said note as John Hogan & Co., together with B. Clifford, Jr., endorsed the said promissory note" in the said declaration described, does not import that John Hogan & Co. and B. Clifford, Jr. jointly endorsed the said promissory note to the said defendants in error, then there is a fatal variance between the evidence aforesaid to the jury, produced by the defendant in error, and the said declaration, in this, — that the defendant in error produced proof of the signature of B. Clifford, Jr., endorsed on the said note as aforesaid, and thereby showed the interest of B. Clifford, Jr. in said note, whereas the signature of B. Clifford, Jr. should have been striken out before, or on the trial of said cause.    Chitty on Bills (edition 1836) 588 ; the King *v.* Lampton, 5 Price 428, and the cases cited in support of 1st error assigned.

S. STRONG also argued for the plaintiff in error.

A. COWLES, J. M. KRUM, and J. Y. SCAMMON, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* brought by the Bank, as endorsees of a promissory note, against Gillham, the maker.

The declaration states that the note was payable to John Hogan and Henry H. West, under the name of John Hogan & Co., and that John Hogan and Co., together with Benjamin Clifford, Jr., endorsed the note to the plaintiffs below. .

The defendant below pleaded *non assumpsit.* On the trial of the cause, after the plaintiffs had introduced their testimony, the defendant below demurred to the same, as insufficient to sustain the action, to which the plaintiff joined. The demurrer states that the plaintiffs produced in evidence to the jury a note as follows :

" $ 380.

" *Alton, June* 21, 1838. Sixty days after date, I promise to pay to the order of John Hogan & Co., three hundred and eighty dollars, for value received, negotiable and payable at the Branch of the State Bank at Alton.   Wm. Gillham.
    " Credit John Hogan & Co.
            " B. Clifford, Jr."

On which note are the following names endorsed in blank : " John Hogan & Co., B. Clifford, Jr." The plaintiffs proved, and it was admitted by the defendant's counsel, that the signature " John Hogan & Co." endorsed on said note, was the proper handwriting of John Hogan & Co., the payees of said note, and that the signature " B. Clifford Jr.," was the proper handwriting of B. Clifford, Jr. The plaintiffs produced in evidence the *" Act to incorporate the subscribers to the Bank of the State of Illinois ;* " (1) which was all the evidence offered by the plaintiffs. The Court below considered the evidence sufficient, and gave judgment for the plaintiffs.

The assignment of errors questions the sufficiency of the evidence to sustain the action.

It is urged in the written argument, that the endorsement on the note should have been filled up to the plaintiffs, or they should have proved that they were the legal holders of the note. This was unnecessary. The production of the note by the plaintiffs below, with a blank endorsement, was *prima facie* evidence that they were the endorsees.

The filling of a blank endorsement is a mere matter of form, and may be dispensed with altogether. At all events, after the note had been read to the jury without objection, it is too late to question the plaintiffs' right to sue as endorsees. (2)

In the case of Jackson *v.* Davis,(3) it was held, " If an objection which can be obviated by further proof, be not taken, or is not persisted on, at the trial, it will not be received as the ground of a motion for a new trial." Had the defendant objected to the reading of the note to the jury, upon either of the grounds assumed, the plaintiffs could have filled up the blank, or proved their legal right as holders. The note must therefore be considered as admitted in evidence by consent.

The other ground assumed by the counsel for the plaintiff in

(1) Acts of 1835, 37 ; Gale's Stat. 93.          (2) Bayley on Bills 106.
(3) 5 Cowen 123.

error, that there was a variance between the declaration and the evidence, is not sustained by the record. The proof corresponds in all essential particulars with the declaration. Had the defendant below demurred to the declaration, the question could have been raised as to what interest, and for what reason, B. Clifford, Jr. endorsed his name on the note. It might then, perhaps, have been contended, with success, that the declaration was defective in point of form, for not averring an endorsement from Hogan & Co. to Clifford, and from Clifford to the plaintiffs. This objection, however, cannot be made on a demurrer to evidence.

The judgment is consequently affirmed with costs.

*Judgment affirmed.*